IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JEFFERY R. WATTS #3911236,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| | )   **NO. 3:25-cv-00202** |
| v. | ) |
| | )   **JUDGE CAMPBELL** |
| **JEFF HUGHES,** *Sheriff of Williamson* | )   **MAGISTRATE JUDGE** |
| *County*, **et al.,** | )   **NEWBERN** |
| | ) |
|    **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeffrey R. Watts, who is currently in the custody of the FCI-Atlanta, filed a pro se complaint, alleging violations of Plaintiff's civil rights. (Doc. No. 1).

Plaintiff also filed an Application for Leave for Proceed In Forma Pauperis ("IFP Application") (Doc. No. 3), Motion to Notify the Court of Change of Address and Request for Court Order (Doc. No. 8), and a Motion for Extension of Time to File Trust Fund Account (Doc. No. 9). Plaintiff also has filed four Notices of Change of Address. (Doc. Nos. 11, 12, 13, 14). The Court must begin with the filing fee.

### I. FILING FEE

Because Plaintiff's IFP Application did not include the required documentation, the Court ordered Plaintiff to submit the missing certified inmate account statement by Order entered on March 4, 2025. (Doc. No. 7). Since then, Plaintiff has experienced multiple transfers in rapid succession. With each transfer, he has attempted to obtain the required certified inmate account statement, but his efforts have been stymied by the frequent transfers.

The Court has received a Certificate of Trust Fund Account from the Bledsoe County Correctional Facility (Doc. No. 10), which the Court finds to be sufficient, given the

1

circumstances. Thus, Plaintiff's Motion to Notify the Court of a Change of Address (Doc. No. 8) is **GRANTED** and his Request for a Court Order (to obtain a certified inmate account statement) (Doc. No. 8) is **DENIED AS MOOT**. Further, his Motion for Extension of Time to File Trust Fund Account (Doc. No. 9) is **DENIED AS MOOT**.

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation (Doc. Nos. 3, 10), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 3) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in

2

Case 3:25-cv-00202   Document 15   Filed 11/24/25   Page 2 of 10 PageID #: 60

the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the FCI-Atlanta to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. PLRA SCREENING OF THE COMPLAINT

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### A. Section 1983 Standard

Plaintiff brings his claims under 42 U.S.C. § 1983 which creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### B. Facts Alleged in the Complaint

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

On March 24, 2024, Plaintiff was booked into the Williamson County Jail in Franklin, Tennessee. At that time, Sergeant Cohen confiscated Plaintiff's pen, paper, stamps, and envelopes

that Plaintiff used for his legal correspondence. Plaintiff repeatedly told Sergeant Cohen that he needed the materials back to meet a federal court deadline. An unknown officer told Plaintiff that "if [he] did not like how things were being done by Sgt. Cohen then [Plaintiff] could file a grievance." (Doc. No. 1 at 7). Plaintiff filed numerous grievances. Staff Sergeant Grey told Plaintiff to be patient. Plaintiff sought assistance from the jail inspector on April 9, 2025, who was accompanied by Staff Sergeant Gray. The next morning Plaintiff was transferred to the Hickman County Jail where the conditions of his confinement are severely more restricted. He lost his appeal in his federal sentencing case, which caused mental anguish and loss of visitation with his family. As relief, Plaintiff seeks punitive damages.

**C. Analysis**

The complaint names as Defendants Jeff Hughes, Williamson County Sheriff; Sergeant f/n/u Cohen, Booking Sergeant at the Williamson County Jail; Captain f/n/u Youker, Chief Jailer at the Williamson County Jail; and Staff Sergeant f/n/u Gray. Each Defendant is sued in his official capacity only. (Doc. No. 1 at 2-3).

When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Here, the complaint alleges that Defendants are employees of the Williamson County Sheriff's Department, which is operated by Williamson County, Tennessee. (Doc. No. 1 at 2-3). Thus, a claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by Williamson County or its agent. *Monell Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978). In short, for Williamson County to be liable Plaintiff under Section 1983, there must be a direct causal link between an official county policy or custom and the alleged violation of

Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. 658, 693); *Regets v. City of Plymouth*, 568 F. App'x 380, 393 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against Williamson County under Section 1983. The complaint does not identify or describe any of the county's policies, procedures, practices, or customs relating to the incidents at issue; the complaint does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put the county on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012). Consequently, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against Williamson County. Plaintiff's Section 1983 claims against Defendants in their official capacities (which are claims against Williamson County) therefore must be dismissed.

Even if Plaintiff had named the Defendants in their individual capacities, however, the complaint fails to state Section 1983 claims upon which relief can be granted.

The complaint alleges two Section 1983 claims, both under the First Amendment: access to court claims and retaliation claims. To state a viable access to court claim under the First

Amendment, an inmate must demonstrate he suffered "actual injury" as a result of particular actions of prison officials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). This injury requirement is not satisfied by "just any type of frustrated legal claim." *Id*. "A prison official may be held liable only to the extent his or her actions prevented a prisoner from pursuing, or cause the rejection of, specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions." *Branham v. Bolton*, No. 3:16-cv-P108-DJH, 2017 WL 2312479, at *6 (W.D. Ky. May 26, 2017) (citing *Lewis*). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355.

Here, although Plaintiff alleges that he lost his appeal in his federal sentencing case when his legal materials were not returned to him, he does not allege or demonstrate that his underlying claim is non-frivolous and that it was frustrated or impeded by Defendants. *Lewis*, 518 U.S. at 353; *see also Clark v. Johnston*, 413 F. App'x 804 (6th Cir. 2011) (stating that prisoner must demonstrate that the underlying claim allegedly prejudiced is not frivolous). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (finding that plaintiff must "plead and prove prejudice stemming from the asserted violation"). Thus, any access to court claims would fail, even if Plaintiff had sued Defendants in their individual capacities.

A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is also grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). To establish a prima facie case of retaliation within the context of Section 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken

7

against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the defendant's conduct was substantially motivated at least in part by retaliation for the plaintiff's protected speech and conduct. *Id*. at 394-99. In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than *de minimis* harm resulting from it. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Thaddeus-X,* 175 F.3d at 396. The plaintiff has the burden of proof. *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003).

Filing grievances through an inmate grievance process is protected conduct. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). While Plaintiff contends that he was subjected to acts of retaliation—that he was transferred to the Hickman County Jail where he was subjected to harsher conditions of confinement—the complaint does not allege that any of the named Defendants were responsible for Plaintiff's transfer or that the transfer occurred because Plaintiff filed grievances. Rather, the complaint simply alleges that Plaintiff's transfer happened after he filed grievances and complained to the jail inspector when unidentified "administrative officials at the Williamson County Jail" contacted the Hickman County Jail to arrange the transfer because "Williamson County would no longer hold the plaintiff for Hickman County . . . ." (Doc. No. 1 at 4).

Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), a court's "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted); *see also Johnson v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique

pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."). The Court therefore finds that Plaintiff's conclusory allegations of retaliatory motive with no concrete and particularized facts would fail to state retaliation claims under Section 1983 upon which relief can be granted, even if Plaintiff had named Defendants in their individual capacities.

## III. CONCLUSION

Having conducted the screening required by the PRLA, the Court finds that the allegations of the complaint fail to state a claim upon which relief can be granted via Section 1983. Accordingly, this action is therefore **DISMISSED**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE